**Michael GAEDE, Appellant,**

v.

**Mike and Kate SAUNDERS, Appellees.**

**No. S–10113.**

Supreme Court of Alaska.

Aug. 30, 2002.

Paul M. Hoffman, Robertson, Monagle & Eastaugh, P.C., for Appellant.

Paul H. Grant, Philip M. Pallenberg, Batchelor, Pallenberg & Associates, Juneau, for Appellees.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

*OPINION*

MATTHEWS, Justice.

Mike and Kate Saunders hired workers to build an addition to their home. One of the workers, Michael Gaede, fell from a ladder and was injured. Gaede's claim for workers' compensation benefits was denied by the Workers' Compensation Board on the ground that Gaede was not an employee within the meaning of the Workers' Compensation Act. The superior court affirmed, as do we.

Under the Workers' Compensation Act employees are entitled to recover workers' compensation benefits from their employers in the event of their work-related disability or death.[1] But not all persons who are employees within the usual meaning of that term are employees covered by the act. The act defines an employee as "an employee employed by an employer as defined in [AS

---

**1.** *See* AS 23.30.010 ("Compensation is payable under this chapter in respect of disability or death of an employee.").

23.30.395(13) ]." [2] An "employer," in turn, is defined as "the state or its political subdivision or a person employing one or more persons in connection with a business or industry...." [3] The act thus excludes private common law employees who are employed other than "in connection with a business or industry."

In *Kroll v. Reeser* we recognized that the "business or industry" language is meant to convey that not every person working in the service of another is a covered employee.[4] In *Kroll* a property owner was building a four-plex. He intended to occupy one of the units and rent out the other three. A worker on this project was injured.[5] The board ruled that the worker was covered by the act, holding that "every person in the service of another under contract" was an employee.[6] We concluded that this interpretation was too broad in that it failed "to give proper weight to the statutory limitation to employment relationships 'in connection with a business or industry.' " [7] We stated:

> In Larson's terms, the policy question is whether Kroll's construction activity, either by itself or as an element of his rental activities, was a profit-making enterprise which ought to bear the costs of injuries incurred in the business, or was the construction activity simply a cost-cutting shortcut in what was basically a *consumptive* and not a *productive* role played by Kroll.[8]

We remanded the case to the board to determine whether Kroll was an employer in light of the "business or industry" limitation.

In *Nickels v. Napolilli* we addressed the question whether a farm which was not the owners' primary source of income was a "business" within the meaning of AS 23.30.395(13).[9] We upheld the superior court's conclusion that the farm was a business. Thus the farm owners were "employers" within the meaning of the act and the farm worker was an "employee." [10] We again recognized "Professor Larson's distinction between consumptive activities which should not bear the burden of workers' compensation insurance, and productive business activities, which should." [11] We also observed that "[a] business, unlike a homeowner, can pass the cost of workers' compensation insurance on to the consumers of the business's service or product." [12]

Here, there was no "business or industry" aspect to the Saunders' building project. They were not enlarging their house with a view toward producing goods or services for others. Instead, their role with respect to the house addition was consumptive, for the house was intended to be used only as their family residence. Thus the project on which Gaede was working when he was injured was not "in connection with a business or industry." The Saunders were therefore not employers under the act, and Gaede was not an employee covered by the act.[13]

The judgment of the superior court is AFFIRMED.

2. AS 23.30.395(12).

3. AS 23.30.395(13).

4. 655 P.2d 753 (Alaska 1982).

5. *Id.* at 754–55.

6. *Id.* at 757.

7. *Id.*

8. *Id.* (emphasis in original).

9. 29 P.3d 242, 252–53 (Alaska 2001).

10. *Id.* at 253.

11. *Id.*

12. *Id.*

13. The result we reach is consistent with the result reached in most jurisdictions with respect to householders' activities. *See* 4 A. Larson, Workers' Compensation Law § 50.21 (1999): "The courts have consistently held that compensation acts do not apply in such instances. The examples that can be drawn from decided cases cover a range as varied as the hypothetical cases just suggested: a carpenter helping to build or remodel the employer's own residence...."